UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AVERY PATRICK,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**AMERICA'S SERVICING COMPANY (ASC) A DIVISION OF WELLS FARGO HOME MORTGAGE, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2006-WMC2, WMC MORTGAGE CORPORATION, et al.**<br><br>　　　　**Defendants.** | Civ.No. 2:14-6563 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Avery Patrick has filed suit against his mortgage lender and the servicer on his mortgage. Specifically, he alleges that Defendants, among other things, breached his mortgage agreement, wrongfully broke into his home, instituted an illegal foreclosure action, and engaged in unlawful debt collection efforts. This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Patrick's cross-motions for summary judgment and a preliminary injunction. For the reasons stated in this opinion, Defendants' motion is **GRANTED**, Patrick's cross-motions are **DENIED**, and Patrick's complaint is **DISMISSED WITHOUT PREJUDICE**.

**I.　BACKGROUND**

The following facts and procedural history are taken from Plaintiff's complaint, documents integral to the allegations that are referenced in the complaint, and the public record. In 2006, Plaintiff Avery Patrick obtained a loan from WMC Mortgage Corp. to

1

purchase property located at 20 Ayers Court, East Brunswick, New Jersey. The loan was secured by a mortgage on Patrick's home ("the Mortgage"). WMC Mortgage Corp. later assigned the Mortgage to Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital 1 Inc. Trust 2006-WMC2 ("Deutsche Bank").

In July 2007, Deutsche Bank filed a foreclosure action in chancery court alleging that Patrick defaulted on the Mortgage. Patrick filed a response stating that he was unable to stay current on the Mortgage because his employer reduced his hours. On January 3, 2008, the chancery court entered final judgment on the foreclosure action in favor of Deutsche Bank.[1] Up until that point, Patrick had not contested the validity of the foreclosure action. After final judgment was entered in favor of Deutsche Bank, Patrick unsuccessfully moved for the chancery court to vacate the judgment. Patrick then filed a motion to reconsider, which the chancery court also denied. Patrick's opposition papers to the motion to dismiss allege that on the same day she denied the motion for reconsideration, the chancery judge presiding over the foreclosure action instructed Patrick to assert his claims against Defendants in civil court.

In September 2014, Patrick filed this action in state court. Defendants subsequently removed to federal court on the basis of federal question jurisdiction. Patrick's complaint is largely premised on the allegation that Defendants unlawfully broke into his home. The break-ins are alleged to have commenced in October 2007. Patrick further alleges that Defendants called him excessively when attempting to collect payments on the Mortgage while also engaging in an illegal kickback scheme arising out of the Mortgage. In light of these allegations, Patrick's complaint asserts the following causes of action: (1) wrongful foreclosure; (2) promissory estoppel; (3) conversion; (4) trespass; (5) "New Jersey debt collection laws"; (6) the New Jersey Consumer Fraud Act; (7) Breach of Contract; (8) Unjust Enrichment; and (9) state and federal RICO. Defendants now move to dismiss.

## II.     DEFENDANTS' MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

---

[1] Deutsche Bank has filed a motion to amend the final judgment of the state court, which includes an amended certification of the amount owed.

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

Defendants argue that Patrick's claims are barred by New Jersey's entire controversy doctrine. The doctrine is codified in New Jersey Civil Practice Rule 4:30A, which provides that "[n]on-joinder of claims or parties required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine." The entire controversy doctrine is premised on the notion that "the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." *DiTrolio v. Antiles*, 142 N.J. 253, 267 (1995) (quoting *Cogdell v. Hospital Ctr.*, 116 N.J. 7, 15 (1989)).

The entire controversy doctrine applies in the foreclosure context, however its applicability is narrower and extends only to "germane" counterclaims. *Sarlo v. Wells Fargo Bank, N.A.*, No. 12-5522, 2015 WL 1334038, *6 (D.N.J. March 23, 2015) (citing *Leisure Tech.-Northeast v. Klingbeil Holding Co.*, 137 N.J. Super. 353, 353 (N.J.Super.Ct.App.Div.1975). A claim will be "germane" where it arises out of the mortgage that is the subject matter of the foreclosure proceeding. *See Leisure Tech*, 137 N.J. Super at 358. Therefore, if Patrick's claims are "germane" to the foreclosure action, they will be barred by the entire controversy doctrine.

As currently plead, Patrick's claims are germane to the foreclosure proceedings and are therefore barred by the entire controversy doctrine. Patrick's "wrongful foreclosure" and NJ Consumer Fraud Act claims allege that Defendants did not follow foreclosure procedures required by New Jersey law. It goes without saying that those claims are highly germane to the foreclosure proceedings, and Patrick should have asserted them there. *See, e.g., Ryno, Inc. v. First Noat. Bank of South Jersey*, 208 N.J.Super. 562, 569 (N.J.Super.Ct.App.Div.1986) (challenges to right to foreclose are subject to entire controversy doctrine). Patrick's conversion, trespass, negligent hiring, breach of contract, and promissory estoppel claims are all premised on the allegation that Defendants unlawfully interfered with Patrick's property interest in his home. Those claims also arise

out of the Mortgage and are therefore germane to the foreclosure proceedings. *See Patetta v. Wells Fargo Bank*, NA, No. 09-2848, 2010 WL 1931256, *11 (D.N.J. May 13, 2010) (citing *In re Mullarkey*, 536 F.3d 215, 229-30 (3d Cir. 2008)). *See also See Leisure Tech.-Northeast*, 137 N.J. Super. at 358. The RICO and unjust enrichment claims are premised on the theory that "defendant's mortgage broker" acted fraudulently by receiving kickbacks in connection with the mortgage transaction. These claims are therefore also barred by the entire controversy doctrine. Finally, the allegation that Defendants engaged in wrongful debt collection practices in connection with Patrick's mortgage is germane to the foreclosure proceedings and cannot be asserted here. *See, Venner v. Bank of America*, No. 07-4040, 2009 WL 1416043 (D.N.J. May 19, 2009) (entire controversy doctrine can apply to FDCPA claims).

After assessing the complaint, the Court concludes that Patrick's claims appear to be barred by the entire controversy doctrine. However, in his opposition to the motion to dismiss, Patrick suggests that he could not file his claims in the foreclosure action because the chancery judge instructed him to file his lawsuit in civil court. The entire controversy doctrine should not apply where a litigant was prevented from asserting his claims in the prior lawsuit. *See Thomas & Cheryl Koziol, Inc. v. Lasalle Nat. Bank*, No. L-6429-05, 2010 WL 11898, *3 (N.J.Sup.Ct.App.Div. March 29, 2010) (citing *DiIorio v. Structural Stone & Brick, Co.*, 368 N.J.Super. 134, 139 (App.Div.2004)). Holding otherwise would contravene the basic premise of the doctrine: judicial fairness. *Cf. DiTrolio v. Antiles*, 142 N.J. 253 (1995).[2] If there are sufficient credible facts supporting the conclusion that the chancery court judge instructed Patrick to file his claims in a separate civil action, it is possible that the application of the doctrine would not be warranted. Therefore, Patrick will have the opportunity to amend his complaint.[3] *Pashko v. Bank of America, N.A., et al.*, No. 14-3649, 2015 WL 778715, *4 (D.N.J. Feb. 23, 2015) (allowing Plaintiff opportunity to amend complaint in response to entire controversy defense). Defendants' motion to dismiss is **GRANTED** and Patrick's complaint is **DISMISSED WITHOUT PREJUDICE**.

### III.     PATRICK'S CROSS-MOTIONS

Patrick has filed two cross-motions in response to Defendants' motion to dismiss: first is a motion for an injunction, second is a motion for summary judgment. The Court will deny both of these motions.

---

[2] Moreover, a court applying the entire controversy doctrine should employ "a heightened concern for pro se litigants." *In re Mullarkey*, 536 F.3d at 230 (citing *Cafferata v. Peyser*, 251 N.J.Super. 256, 597 (N.J.Super.Ct.App.Div.1991)).

[3] The Court cannot consider supplemental factual allegations submitted in an opposition to a motion to dismiss. *See Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")

In his motion for a preliminary injunction, Patrick asks this Court to enjoin Defendants from evicting him and selling his home. This request is barred under the Anti-Injunction Act, which provides that a district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Specifically, the Anti-Injunction Act forbids a party from filing a federal suit that seeks to prevent defendants from proceeding on a foreclosure action. *See, e.g., Liggon-Redding v. Generations*, No. 14-3191, 2014 WL 2805097, *2 (D.N.J. June 20, 2014) (federal courts lack the authority to stay state court proceedings, including eviction actions). Therefore, Patrick's motion for a preliminary injunction is **DENIED**.

Patrick also contends that he is entitled to judgment as a matter of law on his trespass claim because Defendants admit that they entered his home without authorization. Because discovery in this case has not even commenced, Patrick's motion for summary judgment is **DENIED** as premature. *See, e.g., ECC Sys. v. N.J Regional Council of Carpenters*, No. 11-1437, *1 (D.N.J. Jan. 31, 2012). Additionally, summary judgment must be denied because Patrick has failed to include a statement of undisputed material facts with his motion. N.J. L. Civ. R. 56.1(a) ("A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.")

## IV.　CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** and Patrick's complaint is **DISMISSED WITHOUT PREJUDICE**. Patrick's cross-motions for a temporary injunction and summary judgment are **DENIED**. An appropriate order accompanies this decision.

　　　　　　　　　　　　　　　　　　／s／ William J. Martini　　　　　
　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 17, 2015**